PATIENCE DRAKE ROGGENSACK, C.J.
f 11. (concurring). Although I agree that the review herein was improvidently granted, I write in concurrence for two reasons: (1) to point out the significant risk parties face in failing to complete a full, four-corners analysis before us, as is required by Water Well Sol. Serv. Group, Inc. v. Consolidated Ins. Co., 2016 WI 54, *720 ¶ 2, 369 Wis. 2d 607, 881 N.W.2d 285, and (2) to avoid public confusion, which could result from Justice Abra-hamson's dissent.
f 12. Unlike the full, four-corners analysis, which the parties completed in both the circuit court and the court of appeals, they presented only a partial analysis here. They addressed only the initial grant of coverage issue. As is apparent from Justice Abraham-son's writing that follows, she would conclude that there was an initial grant of coverage. West Bend Mutual ignored the risk that we could conclude that its policy made an initial grant of coverage when West Bend Mutual limited the issues it presented to us and did not address the policy exclusions. Ms. Smith ignored the risk that the circuit court's conclusion that the "Your Work" exclusion precluded coverage when she chose not to attack that decision as part of her review here. As a cautionary note, a full, four-corners analysis is required, as we explained in Water Well.
¶ 13. Justice Abrahamson states, "We conclude" that no policy exclusion excuses West Bend's duty to defend. However this conclusion is unsupported by anything other than one sentence found in ¶ 43 of her writing. In ¶ 43, she also states, "we reverse the decision of the court of appeals," when the majority of the court does not reverse the decision of the court of appeals. Accordingly, I write to avoid the potential for public confusion that her writing may create.